IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MISTY HOWARD,                          )
                                       )
                    Plaintiff,         )
                                       )
vs.                                    )         Case No. 07-1200-WEB-DWB
                                       )
CITY OF JUNCTION CITY, KANSAS; et al., )
                                       )
                    Defendants.        )

## PROTECTIVE ORDER

NOW on this 2nd day of November, 2007, the above-captioned matter comes on for consideration by the Court.  The parties have jointly requested a Protective Order because they seek to discover and/or produce information, documents and things including, but not limited to, personnel files of parties and non-parties, criminal investigation reports, medical records, internal policies and procedures of law enforcement agencies and other similar matters.

Due to the nature of the allegations contained in Plaintiff's Complaint, the Court finds that it may be necessary for the parties to produce relevant information, documents and things pertaining to parties and non-parties considered to be confidential pursuant to the applicable Open Records Act, and are recognized to be confidential by the Kansas Supreme Court in *Berst v. Chipman*, 232 Kan. 180, 190, 653 P.2d 107 (1982); 42 U.S.C. § 1320(d) *et seq.*; and 45 C.F.R. § 164.512(e)(1).  Therefore, this Court finds good cause exists for the entry of this Order.

**IT IS THEREFORE, ORDERED ADJUDGED AND DECREED:**

1.      All documents produced by a party that are deemed governed by this Protective Order shall be stamped "**Confidential**" and will be considered subject to this Protective Order.

2.      Any testimony, whether by deposition, interrogatory or otherwise by a party or witness in this action, either in connection with a deposition or trial may be considered confidential for the purposes

of this Order if the testimony relates to the information contained in the document and things marked "**Confidential**." In the context of a deposition, testimony may be designated as confidential by indicating on the record at the time of the deposition that such testimony is confidential and subject to this Protective Order. Within seven (7) days following the completion and delivery of the transcript of any deposition, a party may also designate testimony as confidential by identifying by page and line the information it considers to be confidential and subject to this Protective Order. The parties reserve the right to obtain a Protective Order from the Court maintaining the confidentiality of the information at the time of trial.

3.      Except as provided for herein, testimony and documents designated as confidential shall be disclosed only to the parties, their counsel of record, their paralegals and clerical personnel, and to persons retained by counsel or the parties as experts. Counsel may mark confidential documents as deposition exhibits and show them to witnesses in depositions for the purpose of authenticating the document, obtaining an explanation of the document or impeaching a witness who testifies contrary to the document. Counsel shall not otherwise permit disclosure of any confidential information or documents or any portion or summary thereof.

4.      Documents or testimony designated as confidential and produced or provided in this litigation may be used only for the purposes of this litigation. Except as provided herein, no person having access to documents or testimony designated as subject to this Protective Order or the information therein shall make public disclosure of those documents or testimony or that information without further Order of the Court or stipulation of the parties.

5.      If any party objects to another party's designation of a document as "**Confidential**," the objecting party shall have the right to file a motion with the Court for the reversal of the **"Confidential"** designation upon a showing that there is no legitimate reason for the document to be treated as confidential.

6.      All individuals having access to documents or testimony designated as subject to this Protective Order and all individuals to whom the information therein is disclosed shall be required to sign a copy of the Acknowledgment Form attached hereto as Exhibit "1" indicating that they have read and

agreed to abide by the terms of this Protective Order.  Signed forms shall be maintained by counsel for each party and at the conclusion of this litigation, including any appeals, may be provided to counsel for the opposing party upon request.

7.      All documents designated as subject to this Protective Order and all copies thereof must be returned to opposing counsel within 30 days after the termination of this litigation, including any appeal, or shall be certified to counsel as having been destroyed.

8.      Nothing in this Protective Order affects the right of counsel to discuss with a party any relevant information contained in documents or testimony designated as subject to this Protective Order.

9.      Any party seeking to file under seal a motion or other pleading containing confidential information, must first file a motion with the Court and be granted leave to file the particular document under seal.

10.      This Protective Order does not constitute a ruling on the question of whether any particular document is properly discoverable and does not constitute any ruling on any potential objection to the discoverability of any document.

11.      Prior to trial, the parties shall meet and confer concerning the extension of this Protective Order and its application to the use of confidential information at the time of trial. If necessary, the Court will review such confidential information in camera and make a determination by separate order after briefing by the parties regarding the disputed information.

      **IT IS SO ORDERED**.

                              s/   DONALD W. BOSTWICK
                              DONALD W. BOSTWICK
                              U.S. Magistrate Judge

APPROVED BY:

LAW OFFICE OF CRAIG SHULTZ, P.A.


  */s/ Craig Shultz*                      
CRAIG SHULTZ, #09731
205 East Central
Wichita, KS 67202
(316) 269-2284; Fax: (316) 267-6997
E-mail: shultzlaw-craig@pixius.net
*Attorney for Plaintiff*

FISHER, PATTERSON, SAYLER & SMITH, LLP


  */s/ David S. Baker*                    
David S. Baker, Ks. Fed. Ct. #70282
Peter Maharry, Ks. #19364
51 Corporate Woods, Suite 300
9393 W. 110th Street
Overland Park, KS 66210
(913) 339-6757; Fax (913) 339-6187
E-mail: dbaker@fisherpatterson.com
E-mail: pmaharry@fisherpatterson.com
*Attorneys for the Defendants*

**EXHIBIT "1"**
**TO PROTECTIVE ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MISTY HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-1200-WEB-DWB |
| | ) | |
| CITY OF JUNCTION CITY, KANSAS; et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the provisions of the Protective Order (the "Order") entered by the Court in this action on _____, 2007, and agrees to be bound by the terms of the Order.  Specifically,

1.      I agree that I will use records and information subject to the Order only for purposes of this case, including any appeals, and not for any other purpose;

2.      I agree that I will disclose records and information protected by the Order only to the Court, the parties to this case and their attorneys of record, persons regularly in the employ of such attorneys, and any experts or consultants hired for this case by the parties or their attorneys and who (with the exception of the Court and the parties' employees or counsel) have signed an Acknowledgment Form like this one;

3.      I agree that I will abide by all other terms of the Order;

4.      I hereby confirm that my obligations under this Acknowledgment shall survive the termination of this case and are binding upon me for all time.

Dated: _____          _____
                                                                      (Signature)

                                                     _____
                                                                      (Printed Name)